

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEE MITCHELL, | ) |
| Plaintiff, | ) No. 04 C 7808 |
| | ) Paul E. Plunkett, Senior Judge |
| v. | ) |
| ELKAY MANUFACTURING CO., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Lee Mitchell ("Plaintiff") has filed a three-count complaint against Elkay Manufacturing Co. ("Defendant") for its alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12111, 12117, 12203, and the Civil Rights Act, 42 U.S.C. § 2000 *et seq*. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss Counts I and II of the Amended Complaint. For the reasons set forth below, Defendant's motion dismiss Count I is granted and the motion to dismiss Count II is denied. Count III is also dismissed sua sponte for lack of ripeness.

## Facts

Plaintiff, an African American male, was hired by Defendant, an Illinois Corporation, in January 2000. (Am. Compl. ¶¶ 4-6.) In January 2002, Plaintiff suffered a shoulder injury at work, which necessitated two surgeries and restricted certain of Plaintiff's employment activities. (*Id.* ¶ 7.) Defendant accommodated these medical restrictions until October 2003. (*Id.* ¶¶ 11, 12.) Nevertheless, beginning in early 2003 and continuing through May 2005, Plaintiff filed no fewer

than four charges with the Equal Employment Opportunity Commission ("EEOC") complaining of his treatment by Defendant. On February 11, 2003 Plaintiff filed an EEOC charge ("Charge 1") alleging disability discrimination by Defendant because of his injury. (*Id.* ¶ 15.) On July 8, 2003, Plaintiff filed a second EEOC charge ("Charge 2") alleging disability and racial discrimination by the Defendant. (*Id.* ¶ 16.) The EEOC mailed right-to-sue letters to Plaintiff on June 30, 2004 relating to Charge 1 and on June 15, 2004 relating to Charge 2. (Answer ¶¶ 15,16.)

In October 2003, Defendant stopped permitting Plaintiff to work overtime, required Plaintiff to perform duties that conflicted with his medical restrictions, and refused to allow Plaintiff to return to work until an independent examination cleared him for normal duty. (Am. Compl. ¶¶ 12, 13.) In January 2004, Defendant required Plaintiff to provide a physician's excuse after a one day absence from work. (*Id.* ¶ 14.) On February 9, 2004, Plaintiff filed a third EEOC charge ("Charge 3") alleging retaliation by Defendant. (*Id.* ¶ 17.) Plaintiff filed this suit on December 3, 2004. The EEOC mailed a right-to-sue letter to Plaintiff on January 12, 2005 relating to Charge 3. (Pl.'s Resp., Ex. A.) In April 2005, Plaintiff was initially suspended and later terminated for fraud relating to his health insurance policy. (Am. Compl. ¶¶ 19, 20.) On May 11, 2005, Plaintiff filed a fourth EEOC charge ("Charge 4") alleging retaliation on different grounds by Defendant.[1] (Am. Compl. ¶ 21.)

---

[1] This Court has not been advised of the issuance of a right-to-sue letter for Charge 4. Consequently, any issues deriving from this charge are not ripe for adjudication and will not be addressed in this opinion. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (stating that one must first exhaust administrative remedies, such as filing a charge with the EEOC and waiting for a right-to-sue letter, before filing suit in federal court).

## Legal Standard

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief should be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Furthermore, any ambiguities or doubts concerning the sufficiency must be resolved in favor of the pleader. *Id.*

## Discussion

Defendant moves to dismiss the first two EEOC charges, which in large part form the basis for understanding Count I. The analysis of the complaint in this case is complicated by the fact that the Plaintiff begins by pleading an entire group of "operative facts" and then incorporates them by reference into each of his three counts. This is particularly so since there were four separate EEOC filings at different times and all on different grounds. Nevertheless, with apologies to the gentle reader we will try to chart a path through the thicket.

Under the Americans with Disabilities Act ("ADA") and Title VII, a plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC prior to bringing suit in federal court. *Babrocky*, 773 F.2d at 863. Filing the charge "affords the EEOC 'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Id.* (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). If the EEOC decides not to pursue charges itself, it may allow the aggrieved party to bring suit against the discriminating party in

federal court by issuing a right-to-sue letter. *Conner v. Ill. Dept. of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Under the ADA and Title VII, a plaintiff has 90 days to file a suit after receipt of her right-to-sue letter. *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). The "90-day period begins to run when the claimant receives *actual notice* of her right to sue." *Houston*, 185 F.3d at 839 (emphasis added).

As an initial matter, Defendant argues that Plaintiff's first two EEOC complaints, Charges 1 and 2, are not timely because this lawsuit was not filed within 90 days of Plaintiff's receipt of the right-to-sue letters. Plaintiff filed charges with the EEOC and subsequently received his right-to-sue letters. The right-to-sue letter for Charge 1 was issued on June 30, 2004 and the right-to-sue letter for Charge 2 was issued on June 15, 2004. But Plaintiff did not file this suit until December 3, 2004. Thus, the filing date is 156 days after the EEOC mailed the right-to-sue letter for Charge 1 and 171 days after the EEOC mailed the right-to-sue letter for Charge 2. While the exact date on which Plaintiff received these letters is unknown, Plaintiff does not assert that he failed to receive these letters in a timely manner. Therefore, any claims in the amended complaint from the allegations contained in these first two charges are not timely and cannot be used as a basis for an independent cause of action in Count I of the amended complaint.

Plaintiff also asserts that Count I should stand because in addition it contains a failure to accommodate claim from the third EEOC charge. True, this lawsuit was filed within 90 days of the mailing of a right-to-sue letter on Charge 3. Thus, we must now consider whether Charge 3 as filed with the EEOC contains a failure to accommodate claim. Generally under Title VII, a

plaintiff can only bring claims originally included in a charge sent to the EEOC. *Sitar v. Ind. Dep't of Trans.*, 344 F.3d 720, 726 (7th Cir. 2003). This rule applies to claims under the ADA as well, because "[t]he ADA adopts the enforcement procedures governing Title VII actions, including the filing procedures and timing requirements." *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998). However, an exception exists when a claim is "like or reasonably related to the allegations of the charge and growing out of such allegations." *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (quoting *McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). This exception requires that the charge and complaint, "at minimum, describe the same conduct and implicate the same individuals." *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). Put another way, the claims may be "so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purpose of the Act." *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993).

In order to determine if Charge 3 contains a failure to accommodate claim we must examine it in detail. It states:

> I have been employed by the Respondent since January 18, 2000 as Bowlmaker. On February 11, 2003, I filed a charge of discrimination with the EEOC (Charge No. 210A301862) against the Respondent alleging disability discrimination. On July 8, 2003, I filed a charge of discrimination with the EEOC (Charge No. 210-2003-33867) against the Respondent alleging race and disability discrimination. On or about October 20, 2003, I was not allowed to return to work. On or about January 28, 2004, I was not allowed to return to work without a doctor's note even though I was absent less than 3 days.

> I believe that I have been retaliated against in violation of Title VII
> of the Civil Rights Act of 1964, as amended, and the Americans
> with Disabilities Act of 1990.

(Am. Compl., Ex. C.) Defendant argues that Plaintiff raised only a retaliation claim and not a failure to accommodate claim in the wording of Charge 3. Defendant correctly notes that Charge 3 does not contain the words "failure to accommodate," and the only box checked on Charge 3 was retaliation discrimination, not disability discrimination. However, failure to check a box on an EEOC charge is not a fatal error. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168-69 (7th Cir. 1976).

Because a failure to accommodate allegation was not mentioned in the EEOC charge, the issue is whether the failure to accommodate claim is "like or reasonably related to the allegations of the charge and growing out of such allegations." *Haugerud*, 259 F.3d at 689. This Court finds that Plaintiff does not satisfy these requirements. In addition to listing the two untimely EEOC complaints as a factual predicate, Charge 3 references two instances in which Plaintiff was not allowed to return to work. Plaintiff argues, without citation, that Defendant's failure to allow him to return to work on these two occasions was "a violation of the *Americans with Disability* [sic] *Act*'s requirement to accommodate." (Pl.'s Resp. at 4) (emphasis in original). However, this argument requires too large of an inferential leap to satisfy the "like or reasonably related" exception. One could not reasonably expect the Equal Employment Opportunity Commission to investigate a failure to accommodate claim based on the wording of the February 9, 2004 charge, especially considering Plaintiff's past filings in which he has made clear allegations of disability discrimination. Therefore, Defendant's motion to dismiss Count I in its entirety is granted.

Next, Defendant argues that Count II, which alleges retaliation by Defendant against Plaintiff, should be dismissed. For this count, Plaintiff properly followed the procedural requirements in bringing the retaliation claim, because Plaintiff explicitly mentioned retaliation in his EEOC charge and he received a right-to-sue letter based upon it before filing suit. In his EEOC charge, Plaintiff placed an "X" in the box on the form to mark retaliation as the basis for the discrimination and stated, "I believe I have been retaliated against . . .." (Am. Compl., Ex. C.) These two facts make it unmistakably clear that Plaintiff claims Defendant retaliated against him. However, Defendant argues this count should be dismissed because Plaintiff improperly changed the basis upon which he brings his retaliation claim. Defendant fails to cite any controlling authority that supports its argument. Put simply, Defendant maintains that February 9, 2004 complaint to the EEOC alleged that Plaintiff was retaliated against by Defendant for filing two earlier charges with the EEOC. Later, according to Defendant, Plaintiff changed his argument and stated that he was retaliated against because he had requested accommodations for his work related injury. This Court disagrees with Defendant's argument for two reasons.

First, the only authority Defendant cites for this basis-changing proposition is *Holman v. Revere Elec. Supply Co.*, No. 02C6351, 2005 WL 638085 (N.D. Ill. Mar. 15, 2005). In *Holman*, the court determined that by not listing every possible basis for the retaliation he suffered, the plaintiff "frustrate[d] the EEOC's investigatory and conciliatory role." *Id.* at *25. Instantly, however, the EEOC was given enough information to consider all the possible bases for Defendant's alleged retaliatory acts, including the earlier-filed EEOC charges. As such, the EEOC's investigatory and conciliatory role was not frustrated and the *Holman* rationale does not apply.

Second, Defendant's characterization of Plaintiff's argument is incorrect. The two earlier EEOC complaints referenced in the February 9, 2004 charge contained requests for accommodation. In the first charge, Plaintiff stated that he was denied overtime because of his injury. In the second charge, Plaintiff complained that Defendant sent him to a doctor who suggested that Plaintiff did not need any accommodations for his injury. These filings with the EEOC were themselves requests for accommodation, because part of the EEOC's role is to "obtain[] voluntary compliance and promot[e] conciliation efforts." *Babrocky*, 773 F.2d at 863. As such, Plaintiff's allegation that he was retaliated against because of his request for accommodation includes any retaliation caused by seeking intervention by the EEOC. Thus, Plaintiff has sufficiently plead a viable cause of action in Count II.[2] Therefore, Defendant's motion to dismiss Count II is denied.

As a final matter, the Court dismisses Count III of the amended complaint sua sponte. Count III alleges that Defendant's termination of Plaintiff's employment in April 2005 was in retaliation for earlier filed EEOC charges and for commencing this lawsuit. As stated earlier, this Court has not been notified of the EEOC's issuance of a right-to-sue letter for Charge 4. Because Count III of the amended complaint is dependant upon Charge 4, Count III is dismissed without prejudice as not yet ripe. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (recognizing that "district courts have an 'independent obligation to address

---

[2] Defendant suggests a second reason Count II should be dismissed. Defendant posits because Plaintiff did not specifically list the denial of overtime in Charge 3 and it appeared in the amended complaint, "Count II must be dismissed." (Def.'s Mot. to Dismiss at 10.) This argument is a non sequitur. Even if the argument was logical, Plaintiff listed two incidents in which he was not allowed to work in Charge 3. Because Plaintiff was not allowed to work on certain days, it is reasonable for this Court to infer that he was not allowed to work overtime on those days either.

[subject-matter jurisdiction] *sua sponte.*'" (alteration and emphasis in original) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp.2d 964, 972 (E.D. Cal. 2004)).

## Conclusion

For the reasons set forth above, Defendant's Rule 12(b)(6) motion to dismiss Count I of Plaintiff's Amended Complaint is granted with prejudice. Defendant's Rule 12(b)(6) motion to dismiss Counts II of Plaintiff's Amended Complaint is denied. Count III is dismissed without prejudice for lack of ripeness.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** DEC 22 2005